Good morning, Your Honor. Good morning, Counsel. My name is Gregory Long. I am appearing on behalf of Western Filter, the plaintiff below the appellant here. Mr. Long. I would like to reserve five minutes of my time if I may. You may do so. Just watch the clock. Thank you. The district court heard when it held that the survival clause of the Stock Purchase Agreement, which is contained in Section 8.1 of the agreement, shortened California's statutory times for filing litigation and held that Western Filter's claims against Argan and the individual defendants were barred. We begin our argument with the recognition that the contract itself chooses California law as the law to be applied. Counsel, the point you're relying on is that California permits contractual limitations on statutes of limitations. It requires that they be expressed or explicit. You're contending that it wasn't sufficiently explicit in this case. Is it correct that there is no California case directly on point addressing this kind of clause and asking or answering whether it's sufficiently explicit? There is no California case directly on point. I believe that the Hambrick decision is directly on point in that case, Your Honor.  The Hambrick case dealt with the choice of Delaware law in the contract, and the clause that was in the contract stated that the representations and warranties would continue to survive for a period of five years post-closing. The Delaware statutory time period was three years. The court held that it was the three-year statutory time period that would apply and not the five-year time period for the survival which the contract applied. The clause there is indistinguishable from the clause in our case. It simply said that the time period of survival is five years, period, end of statement. It's the flip side, I guess, of this case. It's an extension rather than a shortening, but in principle I see no difference whatsoever. Could it be distinguished on the grounds that under Delaware law, parties are not permitted to contractually extend a statute of limitation that the Delaware legislature has otherwise decided should be shorter? There's no mention of that in the opinion, Your Honor, and I cannot answer for Delaware law, but certainly that argument was not raised. And we don't know what the answer would be had the parties reduced it, as they did here, to a shorter period than three years. Well, I think that we do know the answer to that because what the Hambrick court said, and I can quote that for the court, is that a provision specifying the life of a warranty has no bearing on the time period for filing suit after the warranty has been breached. That's at page 1544, note 10 of the opinion, which is at 38 Calat 4, 1532. And what that says is that regardless of whether it's a lengthening or a shortening, you have two separate concepts here. One concept is a survival provision, and another concept, separate and distinct, is a statute of limitation provision. And what the case must hold as a matter of logic is that they are not always the same. The principle that the district court adopted, I'm sorry. No, no, go ahead. The principle the district court here adopted is that any time you have a statute of survival that has a time period in it, that time period supplants all other statutes of limitations. So my question then would be would there be a distinction between a time period for discovery versus a time period for actually bringing the claim? Under California law, clearly there is in the fraud area. In Section 338 of the Civil Procedure Code, you have a discovery provision, and we put some weight on that when we argue public policy in the state of California that we believe prohibits a change in that that simply abrogates the discovery rule, as the district court's decision does do. Is there a distinction in terms of permitting a change? Is that Your Honor's question? I think so. I think that's my question. I read the statement in Hambrick and Quist, and I was trying to rationalize that with, you know, are they really talking about a breach of a warranty being something akin to the amount of time it would reasonably have taken the plaintiff to discover the fact of the breach versus the period that applies to how quickly you must file suit once you determine that a breach has occurred. In other words, did they view the five-year period as that period, and then once the breach had occurred, you had three years after the breach. Exactly. I think that that is a reasonable conclusion based upon the logic of the situation. They did not specifically address that. So would your argument then be here by analogy that because we're dealing, I guess, with both quality and quantity of filters in the warehouse and the manner in which that inventory was valued on the books of the company, it would have required some period of time for the buyer to, in essence, discover that things were not as robust as represented by the company? Exactly. Exactly so, that the discovery rule does have a function here. Counsel, we have an unpublished disposition called herring. Is there anything to prevent us from not necessarily following herring and citing it as precedent, but simply reaching the same conclusion that the Herring Court did? There's absolutely nothing to prevent it, and I certainly urge that, Your Honor, because I think that's the proper conclusion under what I believe to be binding California Court of Appeal authority in this instance. The Herring Ninth Circuit opinion explicitly cites the Lewis versus Hopper case, which is the second California Court of Appeal decision, which I believe is pivotal here, the first being Hambrack. And what Lewis says is that if the statutory statutes of limitation contained in the codes of California are to be changed, then the language must be clear, explicit, and unambiguous. It must leave no doubt that that's the intent of the parties, because after all that's what we're trying to determine here is what was the intent of the parties. And it's an easy thing to do. If one wants to say, and oh, by the way, no lawsuit may be filed more than one year after the closing, one can say that, but the parties did not say that here. The language here is very much similar to the language that the panel of this court was dealing with in Herring, although I think it's even more ambiguous than what they were dealing with there. The parties in neither case said that you must file a lawsuit within a certain period of time or you will have no claim. What's your input? I was going to suggest that maybe this is a good time to hear from the other side, unless you have a question. Well, actually, I would like to ask this question before we let him go. I'd like to ask the same question Judge Larson asked below, then what is the purpose of Clause 5.1A of the contract? I'd start by repeating what I said to Judge Larson. That's usually a safe answer. No, which has been criticized by my esteemed opponents. I started out by saying I have to speculate, but that wasn't the end of my answer. I still have to speculate because the record is clear from both sides, both Mr. Krantz, who is the lawyer representing the sellers, and Mr. Slaby, who is the lawyer representing the buyers, that there was no discussion whatsoever of the meaning of Section 8.1 in these circumstances. And my point there is that thus we are left to determine the plain meaning of these words, as the Court in Herring suggested and as the Court in Lewis suggested and as the Court in Hambrick suggested. And my understanding, Your Honor, of what the Survival Clause is, is that for arcane reasons that apparently date well back beyond my memory, unless one has such a clause, representations and warranties merge with the contract upon closing and cannot provide the basis for a suit going forward. Therefore, a careful practitioner includes a Survival Clause. Now, what Judge Larson then said, well, why the one year as opposed to some other period of time? And my answer to that, I turn to Mr. Slaby's declaration, who was the lawyer representing the buyer, and to Mr. Ebershaw's declaration, who was our expert in this case, who is a practitioner at Fulbright in Los Angeles, 40 years of California experience. And what Mr. Slaby said was it at most requires notice of a claim during the one-year period. And what it means is that for that one-year period, these representations exist and a breach can occur during that one-year period. At the point of the breach, then, the California Statute of Limitations comes in, in my view, and says that following the breach, one has the statutory period of time within which to file a claim. There is nothing in this contract that states to the contrary. So your argument would be, in essence, what the parties were really doing was extending the Statute of Limitations by a year. Well, it wouldn't extend the Statute of Limitations because they would still run as normal from the breach. But I thought I heard you just say that the breach might not occur on closing. So your theory really isn't a discovery rule. Your theory would be the three years would still run from the date of the contract, but they would have a year to determine whether there was a breach? No, my theory, Your Honor, is that in the case of a straight-up breach of contract, Section 337 gives you four years from the date of the breach in California. Okay. That's undisturbed, in my view, by this statute. But I repeat my question. So is the effect of this clause then to extend the Statute of Limitation from four years to five because it gives the party an extra year to determine whether or not there has, in fact, been a breach? No. The discovery provision would apply only to claims for fraud. The fraud Statute of Limitations in California has the delayed discovery provision. The contract Statute of Limitations doesn't. So if it took them a year and a half to discover the inventory problem, they couldn't sue for breach of the representations and warranties under your interpretation of this? I don't have to go there here because, as the district court conceded, all causes of action were timely under California's Statute of Limitations but for the shortened one-year period. My direct answer to your question would be that if notice were required within one year, then we would be forced to argue a concealment or a tolling provision. A fraudulent concealment would, in my view, stop the other side from claiming the benefit of the late Statute of Limitations. That, of course, is another argument rejected by the district court below, with which we disagree. I'm sorry, Your Honor, if I could. Well, I just want to suggest that the issues are on the table now. Perhaps if we hear from the other side. You still have eight minutes left on your side. Thank you. Thank you very much. I'm Joe Klassen. Klassen. I represent the appellees. Let me deal with a few issues here. The issue you raised, I think, is on point. It has to mean something. It's got to mean something here. Although, if you look at their brief, what they say is effectively it doesn't mean something. They do allude to Mr. Slaby, who was the lawyer in this, who says, at most, well, at most, what do you mean at most? Either it means something, and the only thing articulated that it means is it's a one-year notice. Now, the problem with that is that doesn't make sense in this case under these facts. The parties knew how to deal with notice. The escrow agreement, for example, which is attached to the SPA, the stock purchase agreement, provides that if you just merely give notice, it stops the payment of the escrow payment. They knew how to do that. In addition, 6.3, which is the indemnity section here, dealing with the enforcement of the reps and warranties, because the agreement contemplates under 8.13 that really, unless it's an intentional fraud, the only remedy for breach of the reps and warranties is going to be the indemnity provisions. Now, the indemnity provisions, if you look at them carefully, what they do provide, they provide for notice in the indemnity provisions. But it starts off by saying, before they get that far, they start off by incorporating subject to the limitations imposed by Section 8.1.  One thing you have to do is you have to give notice, okay, if you're sued. But more importantly here, it says, if you don't give the notice, it doesn't mean you still don't have a claim. You'd have to show prejudice. So they're dealing with the notice issue separately, and then they incorporate 8.1. 8.1 means what, you know, I think we all realize there is no direct case in California, and I'll deal with Hamburg in a second. There isn't any. But there is legions of cases that we cite in other jurisdictions, okay, which do say State Street, for example, the First Circuit, and other courts which are saying the purpose of these is to do a limit. Now, if I could explain, there is a fundamental difference here with what the survival clause is doing, and it's based on what I think everybody recognizes, the oddity. And as a litigator, it still befuddles me that this is the way it works. But if you make a warranty in the agreement and it doesn't survive, you can't sue on it. And indeed, if you look at the cases and you look at the treatises, you can't sue unless it's still surviving. So when you put a one-year limit, right, it says you can sue during that period of time because it's still surviving. The effect of that, of course, is if the statute of limitations is longer, right, it's going to shorten the statute of limitations. But HAMBRICK is involving the flip, and that's why HAMBRICK doesn't stand for what they say. But isn't the policy behind a representation and warranty with regard to the financial condition of the company that the seller can only realistically know what the financial condition is as of the date of the sale? Because once the sale closes, the seller is no longer in possession of the books and records and the inventory of the company and wouldn't be in a position to represent the financial condition a year or more down the road. Well, that is true, although in this particular case, if you may remember, the seller, my client, actually had to bring in their own accountants because they hadn't finished yet doing the audit. So we didn't really quite until after the closing. But that was as much a circumstance as the fact that the closing was rushed in the sense that the clients wanted to close the deal more quickly than the professionals would have preferred to have had time to go through the warehouse and look at the inventory as they ultimately did. This wasn't a question of rushing. It was the year-end financials. Remember, it was going to be a closed operation. So when we got around to doing a year-end financials, we needed to bring the auditors in. It didn't have to do with whether we wanted to close with these people on October 30th. Not that particular issue. But back to the real key point is, in Hambrick, right, there's a three-year statute of limitation, but the reps and warranties survive for five years. The reason why that doesn't matter is, remember, you can only sue if two things satisfy it, the statute of limitations and the reps and warranties are still surviving. If the statute's three years and you sue four years, you're out of luck. And that's why Hambrick doesn't support their argument here because it's, yes, it is true that the survival statute has an effect on the statute of limitations because you can't sue when they're nonexisting. Now, the lawyers here in this case who negotiated this thing did testify, as counsel noticed, that they didn't discuss this. That's for the same reason I've probably negotiated hundreds, if not thousands, of releases in my life. I have never, when I talk to the other side, say, hey, what do you think the effect of a release is? We're lawyers. We know it. The corporate guys knew what they were doing here, and they negotiated it that way. And there is authority in this district. We have Take Care. We have the Lincoln National case. And I should point out the Lincoln National case, if the recent rule on citing unpublished decisions had changed in 2000, I'd be in the same position he is because Lincoln National was a firm. And I don't think herring is not precedent, and the problem with herring is, and it's the reason I think why unpublished decisions really shouldn't have much weight, is this issue, which is an important issue here and is really an important issue for this district, I mean, this circuit, because it's not really decided. It's decided in three sentences. You can't tell what the basis for it is. What are they finding to be not clear? If that's true and it is California law that is governing, why isn't the appropriate act by this panel to simply certify this matter to the California Supreme Court? Well, you know, I think you could do that. I think you're always free to do that. I do think there have been decisions, though, the Lincoln National and the Take Care decision in the district court, which found what California law was, okay, which you could still rely upon because it is decisions interpreted in California law. And I don't think it has to be a California state court to actually interpret the law for there to be a dearth of decisions. There is decisions. And I think you are still free to look at this and follow what the other circuits have done, as well as another district court case, the Oregon case, Garrison, I believe it is, in this district, in this circuit that has decided. But, yes, you could certify this question. But I don't think you have to here. I really think that this question of the survival of reps and warranties is pretty clear. I mean, it's a fundamental rule of corporate law that if they don't survive, you can't sue them. Well, counsel, we have two cases within the Ninth Circuit. One is the central district case, which Herring reversed. Neither one is citable technically. What's wrong with the logic of either one? They both go different ways. You mean my case and Herring? Well, I don't, I can't even understand the logic of the Herring appeal in the Ninth Circuit with all due deference, because they only say in three sentences, this isn't enough. I do see, though, if you look at the Herring clause, which Posey counsel cited in their brief, the Herring clause suffers from an ambiguity that doesn't exist here. It has the first part of it, and then it goes on, and it deals with essentially the same issue again in the indemnity context. I do this akin to my train. On my train, my conductor always says, this is the last and final stop. And as much as I try to tell people who write stuff for me that when you say last and final, last is no longer final, and final is no longer last. And to some extent, that's what may be, and I'm reading tea leaves here, that may be what the panel decided on this particular issue, because they do insert that second thing. Let me ask you the same question I asked your opponent. Can we then decide this case on the basis of looking at the language in Article 5.1a and saying that it is simply not ambiguous, and the only reason it is there must be in order to extend by one year the dissipation of the representations and warranties? No, because first of all, that's never how it's been interpreted by anybody. There is no case which says that it does that. Number one. Number two, if you look at the cases, they're standing for the propositions that I articulated, which is the purpose of the survival is you've got to sue while they still exist. It's not an extension by any such shape or form. So although I think the argument is creative, and perhaps in a vacuum, when we have nothing to support us on this, it might mean something, but it doesn't here because of the purpose of the survival is you have to sue while they exist, and all the cases are interpreted that way. I know of no case that supports the argument you just articulated. Although again, I think it's a creative argument. It is not what the rule is on this particular thing. I don't think there's any way to interpret this other than the way we're speaking. I don't think it's ambiguous. And it has to mean something. They've admitted it has to mean something. And the only thing they've said it does is it's a notice. And the agreement doesn't do that at all. There are cases. The Lincoln National case, for example, dealt with a provision which provided for a notice during the survival period, and that was enough to stop it. This doesn't do that. And the response, as I said earlier, was if you're looking for notice, go to Article VI. That's where the notice provision is. The notice in Article VI is not dealing with the one year because it starts off by hardening it, says subject to the limitations of 8-1, and then it says here's how indemnity works. And the notice doesn't stop anything because remember in 6-3 you don't even have to give notice. You get to show prejudice. Otherwise there's no requirement for it. The notice in 6-3 is the prerequisite to dumping the case over to somebody else and cutting off the attorney's fees running and various things like that. It's dealing with that issue. These parties knew how to deal with the notice issue, and they dealt with it expressly. So, no, I don't think there's any reasonable way to interpret the 8-1 limit as just putting a notice requirement, which gets you back again to the other cases they cite, like Lewis v. Lewis and all these other cases, are standing for basically rules of law that people aren't disputing. But there's also the cases that we cite here that would say you've got to give meaning to things here. And this is a commercial case negotiated by commercial parties heavily. And the key component in this clause is always one thing. It's the length. And that was negotiated. It was 6 months is what we were seeking, 2 years is what they were seeking, and there was ultimately a, you know, they struck a balance of 1 year when it came to it. Anything further? No, I think all the other arguments I think we've put in our brief and there were no other points. So, thank you very much. Thank you very much, counsel. I may respond, Your Honor, to a couple of points that Mr. Claussen raised. Mr. Slaby is not unclear at all in his view of what this did. At excerpts of record, page 197 is the page of his declaration. In paragraph 8 of his declaration, he says, my clear and unequivocal understanding of the intent of the survival clause is exactly the opposite of the defendant's position. The plain language of section 8.1 sets the duration of certain representations and warranties but not the time frame within which litigation must be commenced. All that must occur within that time period is notice to the other party of a possible claim. Here, Western Filter did timely provide notice to defendants of its claims within 1 year. And that is the fact, undisputed fact. So the purpose is, as I suggested, to get these things to exist at the most, to require written notice, which was Mr. Slaby's view of what was required. That was done. So then the question is, does the plain language of section 8.1 go further and require that a cause of action or claim in litigation be followed within the 1 year? And I submit that contrary to what Mr. Clausen said, to do that to the language of 8.1 is to torture the words beyond all belief. It would make Lewis Carroll happy. And recall that one of his characters said, words mean exactly what I say they mean, nothing more, nothing less. But here, and it's at page 19 of our opening brief, it says in its entirety, it's entitled Survival of Representations and Warranties. It's not entitled Statute of Limitations. And it says, The representations and warranties of buyer and seller in this agreement shall survive the closing for a period of 1 year, except the representations and warranties contained in. We're familiar with the text. That's all it says. Nothing more. It says nothing about statutes of limitations, filing claims, nothing whatsoever. Now, civil code section 1858 in California says that the court should not read into contractual language words which the parties might have used but did not use. That is a rule of construction. It applies in California. It applies in full force, in effect, here. And what the Lewis case says, and I'm sorry, it is on point, it's directly on point here, because the argument there was that the court should read additional language into that six months after completion of all work provision in the bond that was at issue in Lewis. And the court said, no, we are not going to read words into that provision. You chose the words that you wanted to use. The plain language is upon completion of work. And the work wasn't completed. And so the claim was timely, very simple. And what Lewis says is, quote, Contractual stipulations which limit the right to sue to a period shorter than that granted by statute are not looked upon with favor because they are in derogation of the statutory limitations period. Hence, they should be construed with strictness against the party invoking them. And the Haring Court made its reasoning, excuse me, the Haring Court Ninth Circuit panel made its reasoning quite explicit. They said, quote, We also disagree with the district court's conclusion that the survival clause contained in the merger agreements clearly and unambiguously reduced the statute of limitations from four years to one year. Parties may contractually reduce the statute of limitations, but any reduction is construed with strictness against the parties seeking to enforce it. And then it cited Lewis, continuing, Here we find no clear and unequivocal language in the survival clause that permits the conclusion that the parties have unambiguously expressed their desire to reduce the statute of limitations. And the clause is quite similar to the clause here. And both of those clauses are set forth one following the other in our brief. Mr. Long, we've read your brief. The question I have for you is what's your response to Mr. Klassen's argument that in order to proceed with your cause of action, you have to meet two requirements. First, you must bring the claim within the statute of limitations. But secondly, it must also be brought at a time when the warranties and representations are still extant. Absolutely ridiculous. We all have dealt with warranties on appliances and automobiles. The fact that the warranty is breached within the time of the warranty, be it 90, 120, or six months or a year, doesn't mean the lawsuit has to be brought within that period of time. It's breached at that period of time, and then the statute begins to run upon accrual of the cause of action. I can't even imagine a case that would say that. So your argument would be if I buy a washing machine and it has a 90-day warranty, but California law gives some kind of consumer remedy for two years, it doesn't matter that the warranty is expired if I bring it after 90 days. There's probably a notice provision involved, is my guess. You're right. There are Consumer Legal Remedies Acts in California that play with this. Maybe that's a bad analogy because this is a commercial transaction. The point is that a breach occurs in a contractual situation on date one, and that's when the California Statute of Limitations determines when the lawsuit must be brought, and it's within four years of that breach in the case of a written contract. In no way does this stock purchase agreement vary that four-year period. And the indemnification provisions that Mr. Klausner referred to have nothing to do with it. Section 8.13 even says that they go out the window in the case of misrepresentation or material concealment, both of which have been alleged here. And 8.13 also says that remedies are cumulative, not exclusive. Would your position be the same if there had been no such clause, and I assume that the effect of the closing is to extinguish representations and warranties after that date so that if a lawsuit was brought the next day, clearly within the four-year breach of contract statute of limitation, would there still be a cause of action for breach of the reps and warranties? I don't think there is a controlling California Supreme Court case that says you cannot do that. That's why I said this law. Nor is there a case that says you can't. That's correct. That's the problem. That's why I said that this law of survival is somewhat arcane in its origin. It's not by decision of the California Supreme Court. What is clear, however, is that in California, the court of appeal has said that if you want to change the statutes of limitation, say so. In clear and unambiguous and unequivocal language. But in my hypothetical, there would be no challenge to the statute of limitation. It would be a challenge to the fact that there was no underlying cause of action because there wasn't a representation or warranty that survived to the next day. Of course, that's correct. And that issue might need to be decided. But I would suggest then that I could still pursue a fraud cause of action because the parole evidence rule would not apply under California law in the case of fraud. And I could still pursue my actions against the individual defendants because contrary to what they suggest, the individual defendants are not covered by an agreement between the two corporations under California law. So regardless of how one structures 8.1, it shouldn't apply to bar the actions against the individuals. Thank you, counsel. The case just argued will be submitted for decision, and the court will recess for 10 minutes.
judges: O'scannlain, Tallman, Singleton